## CIRCUIT COURT OF FAIRFAX COUNTY

Dominion Bank, N.A.

v.

John W. Koons et al.

### February 19, 1992

### Case No. (Law) 110393

BY JUDGE THOMAS A. FORTKORT

This case is here on defendant, John W. Koons, Jr.'s demurrer to Plaintiff Dominion Bank's motion for judgment. In its motion for judgment the bank asserts that Koons is liable to the bank for the full amount of two promissory notes which it claims are in default.

The Bank alleges the defaulting act of the defendant occurred when JKJ Chevrolet, Inc., filed a petition in bankruptcy. Mr. Koons and JKJ Corporation were signatories on the notes, and Mr. Koons is also a guarantor (with others) of the notes.

The "bankruptcy" clause accelerates the loans to maturity and invokes the liability of the guarantors. Counsel for Mr. Koons demurs to the bank's pleadings on the following grounds:

1. The notes and the guarantees have different paragraphs concerning the acceleration of the loans when a party declares bankruptcy.

2. The loan acceleration clauses are overbroad and unenforceable.

3. The loans were executed following the guarantees and the guarantees are superseded by the notes.

4. The notes have a higher percentage for attorneys fees than the guaranty.

The language alleged by the defendant to be overbroad is as follows:

> Borrower shall be in default upon the happening of any of the following: . . . .
> (7) Commencement of any proceeding in bankruptcy by or against a party.

The defendant argues since under this language, a party could be in default by entering a proceeding as a creditor, the language is overbroad and unenforceable.

The defendant states the Virginia rule in *Berry v. Klinger*, 225 Va. 201 (1983) (which basically forbids the Court to take parol evidence as to the meaning of a contract where no ambiguity exists in the contract language), as stated at page 208 of that case: "However inartfully it may have been drawn, the Court cannot make a new contract for the parties, but must construe its language as written."

The defendant concludes that the Court must accept the contract as written and declare that this particular clause is overbroad and unenforceable.

The plaintiff counters that the demurrer should not stand because even if the note clause is overbroad, the defendant is liable as a guarantor under a similar but less expansive clause, in the guaranty: "filing of any petition in bankruptcy or for the relief under the Bankruptcy Act by the Borrower or the guarantor."

Secondly, Plaintiff contends the court should give a reasonable interpretation to the note clause.

In the early case of *Allemong and others v. Augusta National Bank and others*, 103 Va. 243, 48 S.E. 897 (1904), the court dealt with the construction of contractual clauses.

Allemong and the Augusta Bank were the sellers of property to the Grottoes Company for $100,000, $50,000 of which was paid in cash. Later the deal fell through and a compromise was achieved between the parties where the sellers received land back from the buyers and the $50,000 cash paid was kept by the sellers.

The Sellers made a contract between themselves to govern the land received back from the buyers. As part of the agreement the Augusta Bank forgave a debt owed by the Grottoes Company to the Bank in the amount of $21,000.

The disputed clause in the action between Allemong and the Augusta Bank read as follows:

> Now the parties agree that the Mount Vernon property . . . shall be sold by (Augusta) whenever the same can be sold for $100,000 or more, or by consent of the parties for less, that the proceeds shall be divided thereto, as follows:
>     First, there shall be paid to (Augusta) the amount released by them . . . $21,000 . . . and second the balance shall be

distributed one-half to (Augusta) and the other half to (Allemong).

The property never sold for $100,000 or more and Augusta moved for an equity sale claiming priority in the $21,000. The Allemongs contended that the property if sold at less than $100,000 should be divided ratably by 60% to 39%. If you subtract $21,000 from $100,000 the result is $79,000 which divided in half is 39%. Thus any sale below $100,000 reduces the bank's share of the profits since they receive no benefit from their advance of $21,000 to close the sale.

Allemong argued since they did not agree to the sale of the property at a price below $100,000, they are entitled to a 39% share of whatever the sale brought.

The court found that the clause was capable of both interpretations i.e. pay the $21,000 first then distribute the remainder or if the sale is below $100,000 distribute the proceeds by the percentages that would have been achieved if the sale was for $100,000.

In resolving this dilemma, the court stated its ruling at page 298 in these words:

> The words of a contract will be given reasonable construction, where it is possible, rather than an unreasonable one, and the court will likewise endeavor to give a construction most equitable to the parties, and which will not give one of them an unfair or unreasonable advantage over the other. Thus, where the meaning is doubtful, the construction will be avoided which will entail a forfeiture.

The application of *Allemong* to the case at bar is significant because the construction recommended by the defendant Koons would render the clause unenforceable.

In a later case *Dart Drug Corporation, Virginia v. Demetrios Nicholas, et al.*, 221 Va. 989, 277 S.E.2d 155 (1981), the court forcefully states the rule of construction at page 993:

> Although contractual provisions may be ambiguous and one of the parties to the agreement may be subject to a rule of strict construction, the interpretation adopted by the court must be reasonable and just. *Southwest Virginia Hospitals v. Lippo*, 193 Va. 191, 205, 68 S.E.2d 82, 90 (1951).

Each of these earlier cases is echoed in the ruling from *Am. Realty v. Chase Manhattan*, 222 Va. 392, 281 S.E.2d 825 (1981). In *Am.*

*Realty* the court adopted the ruling of *Southwest* in these words: "General rules of construction, therefore should not be applied mechanistically, with the result that the intention of the contracting parties is thwarted . . . . Furthermore, any interpretation adopted by the court must be reasonable and just." (Citing *Southwest Virginia Hospitals*).

In the case at bar defendant asserts there are fundamental differences between the word "proceeding", or "case" or "petition". In Black's Law Dictionary 5th edition the word "case" is defined as "a general term for an action, cause, suit or controversy, at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice."

A "proceeding" is defined in the same text as:

> In a general sense, the form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment.

If there are fundamental differences between cases and proceedings they are not evident from the Black's Law dictionary definition.

Consistent with Virginia case law and the intention of the parties, the only construction this court can place on the disputed note phrase is that it means to accelerate the note if any of the promissors seek the protection of the bankruptcy court. To construe this provision as barring the promissors from the exercise of their creditor rights would be unreasonable and unjust. The same interpretation would have been available to Koons if the Bank attempted to accelerate the note because Koons filed a creditor's claim against another who had filed in bankruptcy.

The demurrer to the language on the note is overruled, and the Court need not consider the effects of the language on the guarantee and the relationship of those two documents to one another.